Per
 
 Curiam»
 

 Haywood, Justice only in court.»
 

 -After stating the facts as- they were proven on the trialThe legal title-has been, regularly deduced from the original proprietor to the lessor of the plaintiff, and he is entitled ta.recover in this action unless, barred by the act of limitations, or by Rutherford’s sale, ©r the joint operation oí both.. With respect to the contract to sell and the taking possession in consequence thereof, by the permission of the vender if that be considered independent of any concomitant or subsequent circumstances,, it can give no title whatsoever ; the land could not pass nor any, estate in it upon the making of the contract and taking possession pursuant to it by the vender’s consent. A deed properly executed a»d registered, is- at least required to pass an estate of inheritance in this country; and this to avoid the danger of claiming estates as passed from the owner’s verbal testimony, and of turning
 
 men
 
 out of their estates and possessions, by. corrupt witnesses.— When a purchaser in a case like the present, takes possession, he takes.it by consent of the ownerj and may continue it until he fails in payment, and then is liable at law to be turned Out: ha does not take a tortious possession and gain a tortious fee, as has been contended: if he is not strictly speaking, a.tenant PS will, his possession is- that of the owner, and.not a distinct independent possession opposed to his s if he is ousted of possession by a stranger, he cannot regain it by an action in his own name, but only in an action which sets up and affirms the vender’s title. Such possession of the purchaser is therefore not an adverse possession to the vender; and if by the act of limitations, an adverse possession is necessary to bar the plaintiff’s title, such art one as has been in the present case, will not answer that description. Under the act of limitations, it is. very true the English 3Law Books require the plaiotiffin ejectment to prove himself to have been in possession within twenty years ; but by our law he need not be in actual possession within seven years * if he has a title by deed or grant, he has a constructive possession 'ey operation of law, which preserves his.rigbt of entry, until it be destroyed' by an actual adverse possession, continued for seven, years together, if he has never seen his-land — rif he has not entered upon it for fifty years, his title may be good, if his-adversary hath not been ia possession for seven years continually, during, the whole time with .a colour of title. The act of limitations-operates between individuals haring different grants oí the same lands, or claiming by mesne conveyances under them, where
 
 *12
 
 there were two such claimants. The legislature' in the year 1715, when this country was a wilderness, and the great object was to procure settlers, thought it more politicto prefer a paten-tee or a grantee under him who had actually settled upon his land and continued in possession for seven years, than another who had not settled upon the land, though he had a prior grant or deed ; but it did not mean to give any preference to an usurper who settled upon the King’s or proprietors’ land, without obtaining a title at all or paying for it; or who settled upon the lands of an individual proprietor, knowing he was a trespasser in doing so, which he must have known if he had no co-lourable title. It is argued that the will of old Irwin was a co-lour of title in his devisees=-»in some cases perhaps, a will may be so considered : it cannot, however, in the present case, because this will expressly takes notice that the title was in Rutherford, and provided for the obtaining a title by payment of the money — -so here is neither an adverse possession nor colour of title, both which' are necessary to accompany a seven year’s possession, in order to give a title to the defendant. .
 

 "There was a'verdict and judgment for the plaintiff.